Well, it should be here because there is diversity of jurisdiction. You know, I'm not the trial attorney that chose to bring it into federal court, so I really can't comment on why it's in federal court, but there is diversity of jurisdiction. And in this case, it presents a little bit different than the last one that you heard, in that this case was about to go to trial. It actually had a motion for summary judgment pending. We appeared, the trial attorney appeared for the motion for summary judgment, and at that hearing found out that the case isn't even in the court anymore. It was remanded. All the trial documents were prepared, so there actually was quite a bit of prejudice once they kicked it out of the federal court and stuck it into the state court. But I think the brief really clearly points out all the arguments as to why the no local defendant rule is, in fact, non-jurisdictional, a defect other than subject matter jurisdiction. We don't have the same kind of timing problem here we had in the last case. There was no motion to remand at all in this case, was there? No, there was none. There was no objection ever by the plaintiff. It wasn't until It was a sui sponse order by the court. A hundred percent by the court. It had nothing to do with either of the parties. And one of the things that I'd like to point out that wasn't as clear as I would have liked in the brief is the application of Grubbs that was done by the WRS court, or HURT court I should say. Now, as you know, and said in the last argument, eight circuits have already decided that the no local defendant rule is not a jurisdictional violation. It's not subject matter jurisdiction. There's only one circuit that decided it was jurisdictional, and that's the HURT court. But if you take a close look at HURT and you read the last two pages, it gives its reasoning behind the decision. And they go on to say that this case is not like Grubbs because in Grubbs there was no objection by the plaintiff. Now in Grubbs there was actually a local defendant at the time of removal all the way until the end, yet the court, it was a final judgment. The district court lost its jurisdiction. Then the plaintiff appealed it up to the court of appeals. The court of appeals said, souspente, hey, you know what, there's a local defendant here. There's no subject matter jurisdiction, which the court of appeals has all the right in the world to do. But the Supreme Court stepped in and said, hey, you know what, there was subject matter jurisdiction when this case closed, when there was a final judgment. They disregarded the fact that there was a local defendant at the time of removal and at the time of the judgment, and they said that it the plaintiff or the parties, I should say, never objected to it. So then you get this Hurt Court. They come in and they say, hey, there's this new prong. This prong requires if the case goes to final judgment, you waive your right to object. But that doesn't cure, there's no rule that says final judgments cure subject matter jurisdiction. The law is completely to the contrary, such as in Insurance Corp of Ireland, 456 U.S. 694, pages 701 to 702, where they say the court of appeals can bring it up on their own, souspente, if there's no subject matter jurisdiction. But they didn't do that in Grubbs. Now also in this Hurt case, they come and they say, well, our case is different because in our case, the plaintiff did object. So therefore, it doesn't fall within Grubbs. And that's the only distinction they make. That fact right there, if you look at the Kelton case, which is a Ninth Circuit case, Kelton specifically said the first part of 1447C is for the parties. And that's any defect other than subject matter jurisdiction must be brought up within 30 days. That's for the parties. The second part, which goes towards the ability to remand for lack of subject matter jurisdiction, that's for the court. The parties have no obligation. So when Hurt says these guys didn't object, they are wrong. They are incorrectly applying the Grubbs case. They're turning Grubbs into something it's not. The fact of the matter is subject matter jurisdiction can never, ever be waived. And the Grubbs case found that there was subject matter jurisdiction despite this. And also, if a petition for removal stated on its face that there was a forum defendant, what would happen? The plaintiff would have to object. The court couldn't move sui sponte even within the 30 days? No. It's procedural. It actually, is it procedural? I can't say for sure. Procedural is the right word. Because if you look at the 1996 changes. It better be from your point of view. Well, here's what I'm saying. If you look at the 1996 changes to the legislation, Congress took out the word procedure and they said, any defect other than subject matter jurisdiction. And in the Snapper case, the 11th Circuit says, well, it's clear. Because the reason it was more substantive. But it wasn't subject matter jurisdiction. So Congress stepped in right after this case of Hurt, the 8th Circuit, and said, hey, this is, we're going to get rid of this procedure because it seems to be confusing you guys. And this Hurt court came and made the completely wrong decision. And so they made it nice and neat. So it is clearly, though, a procedural defect. Because if it's truly a procedural defect, the 8th Circuit says that it is. A procedural rule. I don't know why a district court couldn't, within the 30 days, extend it back. Because in Kelton v. Arms, this court, the 9th Circuit, specifically said that it couldn't. It said that the district court cannot su sponte remand when it's something other than subject matter jurisdiction. Could it issue an order to show cause to the parties to demonstrate why the case shouldn't be remanded? I don't know. I mean, I can only tell you what Kelton v. Arms said, which was that it is something for the parties. The first part is for the parties. That there's no su sponte remands. Whether that's... Well, that's not su sponte. That's the court saying, we've noticed, I've looked at this and it's not a case of, you know, a local defendant coming to court and showing the court why it shouldn't be remanded. I want to tip off the plaintiff. The district court judge. So you're saying, essentially, could they tip it off and then have the plaintiff make their motion? They could respond to the order to show cause and say, yeah, it's for a local defendant. Improper removal. Back you go. I suppose if it's within 30 days. I mean, I'm not the one. There's no answer. I can't give you an answer. I'm sure you can do it. I've done it myself. If it's within 30 days, I mean, I can't see a problem. As counsel says, one of the parties has to pick up on it. So it's not the court's motion. Yeah, if one of the parties has to pick up, according to the Ninth Circuit, you know, obviously it's got some persuasion. You're down to about two minutes. Did you want to save some time for rebuttal? Well, I suppose I should. It's up to you. It's your time. You can use it any way you want. You know what? I just want to make sure I answer any questions you guys have. If we've got any more, we'll ask them. Okay. Thanks. Counsel? Good morning, Your Honor. It's Leonard Tavera, tall, venison, smith, and Tavera, before the plaintiff, Emma Lively. Good morning. You're absolutely right, Your Honor. When Judge Klausen issued his order to show cause, he set a very short timeframe in which to respond. He asked for very specific information, and the question was very clear. Why is a slip-and-fall case in my courtroom? Now, initially, when the case was filed, filed it before in the L.A. Superior Court, had no troubles until defense counsel wanted to remove it. And he called them exactly and said, well, aren't you guys a local defendant having a store here in Santa Monica? He says, very minimal contacts, really don't have a lot of business here. So, in a sense, he said, okay, that being said, we'll go forward. It wasn't until afterwards when Judge Klausen asked, specifically did that, got that order to show cause, and said, tell me exactly why, when their response, we found out that there was actually a substantial amount of business done in California. We found that most of their employees, or the vast majority, 23%, were in California, as opposed to the home state of Colorado. Now, at that point, the issue becomes clearly, was Judge Klausen proper in issuing that order to show cause? In our opinion, absolutely. And as such, he cured a jurisdictional defect that should have been cured from the beginning, but for our belief that there really were no substantial contacts in California. So why do you think it's jurisdictional? I think the judge always has a... No, no, no. What about the rule? I mean, why is it pure jurisdiction, not the judge? Well, because we have a no local defendant rule, Your Honor. And clearly, we have a corporation, a Colorado corporation, which has the vast majority of its business and employees in California. At that point, the issue is clearly jurisdiction as to whether or not they are... Now, do you think it makes any difference that Congress put this no local defendant rule within the removal context, as opposed to the diversity statute? I don't know, Your Honor. I don't know Congress's intent at the time. But we are clear of one thing, that the court should have an inherent authority to cure any defects in its courtroom votes to clear its calendar and also prevent the showing of... When the district court issued the order to show cause, it was already past 30 days, right? Correct, Your Honor. Well past. So it was too late for you to endorse it. It was too late for me to endorse it, Your Honor. But it was not too late for the court to clear its own calendar and cure the defect. And the WRS case says the court can cure that defect all the way until there's a judgment. Only if it's jurisdictional. Only if it's jurisdictional. And that's why we need the court to clarify it today. Okay. All right. Thank you, Your Honor. Thank you for your argument. Any rebuttal? Do you have anything for me? I don't see anything up here. Thank both counsel for their argument. Very interesting case again. Thank you. Submitted for decision. Thanks for coming in today. We'll now proceed to chemical producers versus Syngenta.
judges: Hawkins, Paez, Wake